UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

LLOYD A. YORK, JR.,            )
                               )
    *Plaintiff*    )
                               )
v.                             )    No. 1:13-cv-311-JDL
                               )
CAROLYN W. COLVIN,             )
*Acting Commissioner of Social Security,* )
                               )
    *Defendant*    )

## REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge supportably found the plaintiff capable of performing past relevant work. The plaintiff seeks reversal and remand on the ground that the administrative law judge abused his discretion, violated his duty to develop the record, and transgressed the plaintiff's right to due process of law when he excluded records and testimony covering the final 16 months of the period at issue. *See* Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Statement of Errors") (ECF No. 7) at 2-6. For the reasons that follow, I recommend that the decision be affirmed.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on June 13, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2010, Finding 1, Record at 21; that he had a severe impairment of depression, not otherwise specified, Finding 3, *id.*; that he retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels and to perform the basic mental demands of work, Finding 5, *id.* at 23; that he was capable of performing his past relevant work, which did not require the performance of work-related activities precluded by his RFC, Finding 6, *id.* at 28; and that he, therefore, was not disabled from July 1, 2008, his alleged date of onset of disability, through the date of the decision, February 2, 2012, Finding 7, *id.* at 29. The Appeals Council declined to review the decision, *id.* at 1-4, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20

C.F.R. §§ 404.1520(f), 416.920(f); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982, at 813.

## I. Discussion

### A. Failure To Admit Documents

The plaintiff first complains that the administrative law judge violated his duty to develop the record, abused his discretion, and transgressed the plaintiff's due process rights when he refused to admit 394 pages of mental health records pursuant to 20 C.F.R. § 405.331 on the basis that, although they had been submitted prior to the hearing, they had been submitted less than five business days prior thereto. *See* Statement of Errors at 2-6.

Section 405.331 provides, in relevant part:

> (a) [A claimant] should submit with [his or her] request for hearing any evidence that [he or she has] available to [him or her]. Any written evidence that [he or she] wish[es] to be considered at the hearing must be submitted no later than five business days before the date of the scheduled hearing. If [he or she does] not comply with this requirement, the administrative law judge may decline to consider the evidence unless the circumstances described in paragraphs (b) or (c) of this section apply.
>
> (b) If [a claimant] miss[es] the deadline described in paragraph (a) of this section and [he or she] wish[es] to submit evidence during the five business days before the hearing or at the hearing, the administrative law judge will accept the evidence if [he or she] show[s] that:
>
> (1) [The commissioner's] action misled [him or her];
>
> (2) [The claimant] had a physical, mental, educational, or linguistic limitation(s) that prevented [him or her] from submitting the evidence earlier; or
>
> (3) Some other unusual, unexpected, or unavoidable circumstance beyond [the claimant's] control prevented [him or her] from submitting the evidence earlier.

20 C.F.R. § 405.331.

The administrative law judge noted that, although the plaintiff had been mailed a notice of hearing on August 30, 2011, advising that he needed to submit written evidence no later than five business days before his November 28, 2011, hearing, and he acknowledged receipt of that notice on September 9, 2011, his then-counsel submitted 394 pages of records from Kennebec Behavioral Health ("KBH") on or after November 21, 2011, three days after its due date of November 18, 2011. *See* Record at 18. He observed that the plaintiff had, at all relevant times, been represented by his then-counsel. *See id.* He declined to admit the records on the basis that good cause for the late submission had not been established, the requirements of section 405.331(b) not having been met. *See id.*

> He explained, *inter alia*:
>
> [The plaintiff's then-counsel] argued the "claimant should not be punished for events beyond anyone's control" and further, that admission into the record of the excluded proposed exhibits was ". . . essential to the health and well-being of the claimant and society." The application of [the] regulation in this issue is not punitive. The absence of these treatment notes should have served as special warning that something out of the ordinary was at issue in this case, requiring timely investigation. None was made apparently. [The plaintiff's then-counsel] should have made more efforts, and particularly, in a more timely fashion, to secure these treatment notes, which . . . he asserts is a major aspect of the case. The failure to exercise due diligence in investigating and securing these treatment notes is not good cause within the meaning of the regulation to warrant the admission into evidence of late-filed evidence.

*Id.* at 18-19 (citation omitted).

The plaintiff does not contest that he failed to establish good cause for the late filing of the KBH records. *See* Statement of Errors at 3. However, he argues that the administrative law judge nonetheless abused his discretion, failed in his duty to develop the record, and contravened the plaintiff's due process rights given the sheer magnitude of the excluded records. *See id.* at 2, 4-5. He observes that, because the records were not admitted, the most recent treatment note of record was dated September 22, 2010, and there were no treatment records in evidence for the entire 16-

month period from September 22, 2010, through the date of the decision, February 2, 2012. *See id*. at 2. He asserts that the exclusion was prejudicial in that, aside from the detailed mental health treatment notes, the excluded materials contained letters from two treating sources, Miles Brookes, PMH-NP, and David Doreau, LCPC, LADC, offering opinions that his impairments prevented him from working. *See id*. at 3 (citing Record at 265-66). He argues that, in the circumstances, the duty to develop the record, as articulated in the Social Security Administration, Office of Disability Adjudication and Review, Hearings, Appeals and Litigation Law Manual ("HALLEX") § I-2-6-56 and in caselaw including *Richardson* and *Heggarty v. Sullivan*, 947 F.2d 990 (1st Cir. 1991), trumped the policies animating section 405.331. *See id*. at 4-5.

As both sides recognize, *see id.* at 5-6; Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 8) at 5, 8-9, this court rejected similar arguments in *Newcomb v. Astrue*, No. 2:11-cv-02-GZS, 2012 WL 47961 (D. Me. Jan. 6, 2012) (rec. dec., *aff'd* Jan. 24, 2012), *see Newcomb*, 2012 WL 47961, at *9-*10 (administrative law judge did not abuse his discretion or contravene his duties to afford claimants a full and fair hearing, as set forth in HALLEX §§ I-2-6-60 and I-2-6-70, or to develop the record, as set forth in *Heggarty*, when he refused pursuant to section 405.331 to admit post-hearing evidence in the absence of good cause shown).

At oral argument, the plaintiff's counsel sought to distinguish *Newcomb* on the basis that, there, the administrative law judge denied a claimant's request to submit a few discrete records post-hearing that it was not even clear existed. *See Newcomb*, 2012 WL 47961, at *4. He pointed out that in this case, by contrast, the administrative law judge excluded 394 pages of known records, submitted prior to the hearing, that were the sole records bearing on the final 16 months of the adjudicated period. He further noted that, despite the policies underlying section 405.331, which this court acknowledged in *Newcomb*, section 405.331 has been applied solely in Region I

5

(New England) as part of a Disability Service Improvement ("DSI") pilot project for the past eight years, suggesting that even the commissioner does not consider it a particularly compelling policy.[2] He observed that, although he did not press an equal protection argument, in states outside of Region I, claimants may submit materials without penalty even on the hearing date.

Counsel for the commissioner contended that this case is indistinguishable from *Newcomb*, asserting that section 405.331 itself strikes a careful balance between fairness to individual claimants and the fairness and efficiency of the system as a whole. He added that HALLEX § I-2-6-56 does not trump section 405.331 but, rather, is consistent with it. He warned that the court would head down a slippery slope were it to carve exceptions other than those set forth in section 405.331, raising prickly questions as to whether excluded evidence is sufficiently voluminous and/or material and/or covers a sufficiently broad time period to mandate its tardy admission despite a claimant's failure to show good cause therefor. With respect to the plaintiff's policy arguments, counsel represented that the commissioner is in the process of assessing whether to expand the reach of section 405.331.

Assuming *arguendo* that there is a situation in which the exclusion of evidence pursuant to section 405.331 when a claimant has failed to establish good cause for its tardy submission could

---

[2] This court noted in *Newcomb*, "In promulgating the DSI rules, the commissioner elaborated: 'When new and voluminous medical evidence is presented at the hearing or shortly before, the administrative law judge does not have the time needed to review and consider that evidence. We often must reschedule the hearing, which not only delays the decision on that claim, but also delays other claimants' hearings. . . . [Pursuant to the DSI rules,] [c]laimants will be encouraged to submit evidence as soon as possible after they file their request for a hearing. They will be required to submit all of the evidence to be relied upon in a case no later than five business days before the hearing. This is a reasonable deadline given that we also require the administrative law judge to notify the claimant of the hearing date at least 75 days before the hearing. It will ensure that the administrative law judge and any medical or vocational expert or other individual who will be participating in the hearing will have time to review the record before the hearing in order to adequately prepare for the hearing, and that the hearing will not have to be postponed.'" *Newcomb*, 2012 WL 47961, at *10 n.7 (citing Administrative Review Process for Adjudicating Initial Disability Claims, 71 Fed. Reg. 16424, 16434 (Mar. 31, 2006)).

6

constitute an abuse of discretion, a violation of the duty to develop the record, and/or a violation of a claimant's due process rights, this is not such a situation.

First, the exclusion of evidence in this case did not run afoul of the administrative law judge's duty to develop the record as set forth in the HALLEX, *Heggarty*, and *Richardson*. While an administrative law judge has "a duty to ensure that the administrative record is fully and fairly developed" and "must attempt to obtain all evidence pertinent to the matter at issue," he or she is not required to admit all such evidence. HALLEX § 1-2-6-56. Instead, he or she "must decide whether to admit [such evidence] into the record as an exhibit," and, if he or she declines to do so, "identify the evidence that is not being admitted and state the basis for not admitting the evidence." *Id*. The administrative law judge did so here.

Further, while "[t]he social security hearing examiner . . . acts as an examiner charged with developing the facts[,]" he or she "does not act as counsel." *Richardson*, 402 U.S. at 410. "[T]he First Circuit has recognized that administrative law judges have a general duty to develop the record, albeit less pronounced when, as here, a claimant is represented by counsel." *Newcomb*, 2012 WL 47961, at *10 (citing, *inter alia*, *Heggarty*, 947 F.2d at 997).

The plaintiff was represented by counsel at all relevant times. He received notice by September 9, 2011, that he needed to submit written evidence no later than five business days before his hearing, slated for November 28, 2011. His then-counsel evidently failed to make timely inquiry to ensure that the record was complete. The circumstances are materially indistinguishable from those in *Newcomb*, in which this court found no abuse of discretion or violation of the duty to develop the record in the exclusion of purportedly material, late-tendered evidence. *See id*. at *6, *9-*10 (upholding exclusion of evidence pursuant to section 405.331 when claimant failed to show good cause for its belated submission, was represented by counsel at all relevant times,

7

received notice approximately five months before the hearing to secure and file proposed evidence and a hearing notice approximately 90 days before the hearing, and her counsel failed to make a timely investigation to secure the notes that she claimed were a major aspect of her case).

The agency's provision of ample notice of the requirements of section 405.331, as well as an opportunity to demonstrate good cause for failure to adhere to those requirements, also sufficed to afford the plaintiff due process. "[N]otice and an opportunity to be heard together comprise an essential principle of due process[.]" *Eze v. Gonzáles*, 478 F.3d 46, 47 (1st Cir. 2007) (citations and internal quotation marks omitted). In circumstances in which an administrative law judge has offered what amounts to reasonable notice and opportunity to be heard, there is no underlying due process violation. *See, e.g., Richardson*, 402 U.S. at 404-05 (holding that procedural due process had been afforded in case in which Social Security applicant claimed lack of opportunity to cross-examine reporting physicians but had not taken advantage of opportunity to request that they be subpoenaed; noting, *inter alia*, "This inaction on the claimant's part supports the Court of Appeals' view that the claimant as a consequence is to be precluded from now complaining that he was denied the rights of confrontation and cross-examination.") (citation omitted).

In any event, as counsel for the commissioner argued in the alternative, *see* Opposition at 8, even assuming that the exclusion at issue violated the plaintiff's due process rights, he fails to make the showing of prejudice necessary to warrant reversal and remand. *See Chuculate v. Barnhart,* 170 Fed. Appx. 583, 587 (10th Cir. 2006) (rejecting claim of due-process violation predicated on administrative law judge's denial of permission to submit post-hearing written question to vocational expert when "the ALJ's failure to forward plaintiff's unsupported question does not undermine confidence in the result in this case"); *Adams v. Massanari,* 55 Fed. Appx. 279, 286 (6th Cir. 2003) ("Clearly, in this case, the procedure used by the ALJ did not erroneously

8

deprive Appellant of her interest in the fair determination of her eligibility for benefits, since the ALJ's decision to withhold [a post-hearing] report from the ME [medical expert] had no determinative effect on the outcome of Appellant's hearing."); *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984) (claim of failure to develop full and fair record, like claim that hearing has been held in absence of waiver of right to counsel, requires showing that Social Security applicant "was prejudiced as a result of scanty hearing. She must show that, had the ALJ done his duty, she could and would have adduced evidence that might have altered the result.").

At oral argument, when asked to identify the prejudice in the exclusion of the KBH materials, the plaintiff's counsel acknowledged that it was difficult to say whether they would have made a difference, given that the excluded KBH treatment notes for the excluded period are similar to those that are of record.

The administrative law judge, accordingly, did not err in refusing to admit the KBH evidence.

### B. Ban on Testimony

The plaintiff further complains that, at his hearing, the administrative law judge "took the extraordinary step of limiting testimony (and the questioning of the Medical Expert) to the period covered by the admitted records (therefore excluding testimony concerning the 16 months prior to the Decision)." Statement of Errors at 2 (citing Record at 71-72). He asserts that this failure independently violated agency policy, constituted an abuse of discretion, and deprived him of due process of law. *See id*. at 4-5.

He acknowledges that in *Newcomb*, this court rejected a similar argument with respect to an administrative law judge's preclusion of the testimony of a claimant's case manager on the basis that the claimant had not timely submitted her underlying records. *See id*. at 5; *see also*

9

*Newcomb*, 2012 WL 47961, at *8. However, he argues that this case is distinguishable in that the administrative law judge precluded *his* testimony, not that of a case manager, quite literally depriving him of the opportunity to be heard, and his testimony was much more central to the case because it was the only evidence for a large portion of the adjudicated period. *See* Statement of Errors at 5-6. He notes that, in one instance, when the medical expert questioned him about whether he discussed suicidality with his treating practitioner, the administrative law judge even suggested that the information might be in the excluded records (which could not be considered). *See id*. at 5 (citing Record at 64).

The commissioner disputes that the plaintiff was denied a meaningful opportunity to be heard, arguing that the administrative law judge reasonably exercised discretion pursuant to HALLEX § I-2-6-60(A) to prevent him from testifying beyond the four corners of the timely-submitted medical evidence and, in any event, he was afforded the opportunity to testify at length on a range of subjects, often in the present tense, including the progression of his depression over the prior three years and his relationship with KBH practitioners Brookes and Doreau. *See* Opposition at 5-6. In the alternative, the commissioner contends, to the extent that testimony was excluded, the exclusion was harmless. *See id*. at 6-7.

The commissioner again has the better argument. As she notes, an administrative law judge may set reasonable limits on testimony. *See, e.g.*, HALLEX § I-2-6-60(A) ("The ALJ [administrative law judge] determines the subject and scope of claimants' and witnesses' testimony, and how and when they will testify at the hearing."). The limits actually imposed in this case were reasonable.

The plaintiff was permitted to testify at length, often in the present tense, regarding his daily activities, his symptoms, and his treatment. *See* Record at 44-63. He points to only two

10

instances in which the administrative law judge purportedly barred his testimony. *See* Statement of Errors at 2, 5 (citing Record at 64, 71-72). On the first occasion, the medical expert present at his hearing asked him whether he informed Brookes at KBH that he had suicidal ideation. *See* Record at 64. The plaintiff responded, "I have mentioned it before." *Id*. The administrative law judge interrupted, "It's got to be in the – he didn't submit those records." *Id*. The medical expert clarified, "I'm talking about like in 2010[,]" and the administrative law judge responded, "Oh, okay." *Id*. The medical expert went on to complete his questioning of the plaintiff on that subject, and the plaintiff replied (without further interruption from the administrative law judge) in the present tense. *See id*. at 64-65 ("I've told [Brookes] before, but he – there's been times where he has not asked. I was under the impression it was just something that was implied. It was – it's part of me. It's part of what I have to deal with."). Thus, from all that appears, the plaintiff's testimony was not actually precluded.

On the second occasion, the plaintiff's counsel asked the medical expert, "Are you aware that my client is actually on anxiety medication at the present time?" *Id*. at 70. The administrative law judge interrupted, "Well, he's basing his opinion on exhibits B1F through B17F." *Id*. The plaintiff's counsel requested that his client be permitted to testify about his anxiety medication. *See id*. at 71. The administrative law judge denied the request, stating, "for him to testify about exhibits that aren't in the record is a problem." *Id*. The medical expert testified that he had no knowledge that the plaintiff was taking any anxiety medication. *See id*. The following colloquy then took place:

> ALJ [administrative law judge]: -- the appropriate question would be, based on B1F through B17F, is there any evidence that the [plaintiff] has anxiety. . . .
>
> ME [medical expert]: He has – he has some anxiety complaints and particularly in social situations. That doesn't necessarily rise to the level of describing an anxiety disorder.

>ALJ: And in any event, would that change your –
>
>ME: I don't think so.
>
>ALJ: Any other questions?
>
>ATTY [plaintiff's counsel]: No. . . .

*Id*. at 72. The commissioner reasonably construes this exchange as indicating that, even if the medical expert had the benefit of review of records confirming that the plaintiff was prescribed anxiety medication, he would not likely have changed his opinion that there was insufficient evidence to find the presence of an anxiety disorder. *See* Statement of Errors at 7.[3]

In these circumstances, the plaintiff was afforded a fair opportunity to be heard and, even assuming error, fails to make a showing of prejudice sufficient to warrant remand for a due process violation or, for that matter, abuse of discretion or violation of agency policy. *See, e.g.*, *Burnham v. Social Sec. Admin. Comm'r,* No. 1:11-cv-00246-GZS, 2012 WL 899544, at * 5 (D. Me. Mar. 15, 2012) (rec. dec., *aff'd* Apr. 3, 2012) ("Abuse of discretion has been said to exist where a referral to an expert is necessary to the disability determination or where the failure to refer unfairly prejudiced the claimant."); *E.E.P. ex rel. Palmer v. Barnhart*, Civ. No. 03-246-P-C, 2004 WL 1529262, at *2 (D. Me. June 24, 2004) (rec. dec., *aff'd* July 19, 2004) (adopting Fifth Circuit approach "requiring the social security administration to follow its own internal procedures, once the claimant shows that she was prejudiced by the agency's failure to follow a particular rule set forth in HALLEX") (citation and internal quotation marks omitted).

---

[3] The commissioner correctly notes, *see* Opposition at 5-7, that the administrative law judge also stopped the plaintiff's then-counsel from questioning the plaintiff regarding whether he had gone to several different providers for confirmation that the condition causing his claimed back pain was inoperable. *See* Record at 60 ("Counsel, we don't have any of those treatment notes in the record."). I do not understand the plaintiff to complain that he was prevented from testifying about his back condition, as opposed to his mental health impairments. *See* Statement of Errors at 2, 4-5. In any event, as the commissioner points out, *see* Opposition at 6, the plaintiff has not challenged the finding that his back impairment was nonsevere or suggested that the exclusion of his testimony on this point made any difference.

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of July, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge